IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL G. KAMIN EASTON ENTERPRISES; DANIEL G. KAMIN WADSWORTH ENTERPRISES; DANIEL G. KAMIN BECKLEY ENTERPRISES; DANIEL G. KAMIN CINCINNATI, LLC; and DANIEL G. KAMIN KOKOMO, LLC, Plaintiffs, vs. J.P. MORGAN TRUST COMPANY, N.A., Defendant. | 2:06cv564 Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 11th day of July, 2008, upon due consideration of [50] defendant's motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted.

Plaintiff's amendment to the complaint alleges the following. On June 1, 1978, the Northampton County Industrial Development Authority and Northern Central Bank signed a First Mortgage Indenture and Deed of Trust. The Bank's interest in the mortgage was assigned to defendant, while the Authority's interest in the real property was assigned to plaintiff. Plaintiff has since satisfied the entire mortgage obligation and sent multiple notices to defendant demanding satisfaction. The notices requesting satisfaction are all more than sixty days old. Defendant has not satisfied the mortgage.

On June 1, 1980, the County of Raleigh, West Virginia, and The Central Trust Company signed a First Mortgage Indenture and Deed of Trust. The Trust Company's interest was assigned to defendant while the County's interest in the real property was assigned to plaintiff. Plaintiff satisfied all the requirements of the mortgage obligation and sent defendant multiple

requests to furnish and execute a proper release. All formal notices demanding satisfaction are more than thirty days old. Defendant has not satisfied the mortgage.

On October 1, 1979, the City of Kokomo, Indiana, and American Fletcher National Bank and Trust Company signed a First Mortgage Indenture and Deed of Trust. The Trust Company's interest was assigned to defendant while the City's interest in the real property was assigned to plaintiff. Plaintiff satisfied all the requirements of the mortgage obligation and sent defendant multiple requests to furnish and execute a proper release. All formal notices demanding satisfaction are more than fifteen days old. Defendant has not satisfied the mortgage.

It is well-settled that in reviewing a motion to dismiss under Federal rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Dismissal of a complaint is proper only where the averments of the complaint fail plausibly to raise directly or inferentially the material elements necessary to sustain a recovery under a viable legal theory of recovery. Bell Atlantic Corp. v. Twombly, – U.S – , 127 S. Ct. 1955, 1968 (2007). In other words, the allegations of the complaint taken as a whole must be grounded in enough of a factual basis to raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." Id. at 1969 n. 8 (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (interpreting Conley "appears beyond doubt" standard as consistent with the established rule that a complaint will be deemed to rest on sufficient grounds if it adequately puts the defendant on notice of the essential elements of a cause of action) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). This is not to be understood as imposing a probability standard at the pleading stage. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard

can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id.; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips , 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S.Ct. at 1969.

It is firmly established in Pennsylvania that any mortgagor may bring a cause of action against the mortgagee for failure to satisfy a mortgage if 1) payment of the entire mortgage and all required satisfaction costs have been made to the mortgagee; 2) written notice has been given to the mortgagee demanding satisfaction; and 3) the mortgagee has failed to satisfy the mortgage within sixty days of the written notice. 21 P.S. § 721-6; O'Donoghue v. Laurel Savings Ass'n, 728 A.2d 914, 917 (Pa. 1999). Plaintiff contends its allegations raise and can satisfy these elements.

Through its motion to dismiss defendant does not challenge that the mortgage was paid, notice was given, and satisfaction was not entered within the requisite period of time. Instead, defendant claims the terms and conditions of the First Indenture and Deed of Trust bar it from issuing a satisfaction until the Development Authority issues an "Officers' Certificate and an Opinion of Counsel" stating the mortgage obligations have been fulfilled. Concomitantly, defendant contends plaintiff must notify the Authority and compel it to provide the appropriate paperwork because defendant has no contractual duty or authority to demand and compel the same from the Authority. Therefore, it asserts it owes no duty to plaintiffs to obtain the requisite paperwork from the Authority. We agree.

The authority of the trustee is limited by the terms of the trust deed. Connecticut Gen. Life Ins. Co. v. Eldridge,102 U.S. 545, 547 (1880). A release by a trustee unauthorized by a trust

deed cannot effectuate a satisfaction of the mortgage. Id.; Locke v. Andrasko, 34 P.2d 444, 447 (Wash. 1934). The trustee cannot give a valid release until there has been payment of the debt secured and performance of all conditions of the trust. Williams v. Jackson, 107 U.S. 478, 482-84 (1883). A valid release likewise cannot be given without the authority or consent of the beneficiary. McClaughry v. McClaughry, 15 A. 613, 613 (Pa. 1888); Prudence Co. v. Garvin, 179 So. 127, 129 (Fla. 1936). In the absence of authorization or consent by the bondholders, a trustee in a deed of trust in the nature of a mortgage has authority to release the mortgaged property without receipt of payment of the debt only when it expressly is conferred by the deed of trust. Swift v Smith, 102 U.S. 442, 444-50 (1880); Colorado & S. R. Co. v Blair, 108 N.E. 840, 842-44 (N.Y. 1915) (same). A release of a mortgage held in trust for another before all conditions have been satisfied is an act in contravention of the trust. Connecticut Gen. Life Ins. Co., 102 U.S. at 547; McPherson v Rollins, 62 Sickels 316, 322 (N.Y. 1887).

In light of the above it is clear that in order for a mortgage satisfaction statute to apply, a defendant must be authorized under the deed of trust to satisfy the mortgage. Here, it is undisputed that defendant is not authorized under the deed of trust to satisfy the mortgage until it receives official notice from the Development Authority. No notice, for whatever reason, has been issued to defendant from the Authority to authorize the satisfaction of the mortgage. Thus, the elements for a cause of action under 21 P.S. § 721-6 are not and cannot be established. Plaintiffs cannot satisfy the elements for a cause of action under the corresponding West Virginia and Indiana statues, W. Va. Code § 38-12-10 and Ind. Code Ann. § 32-28-1-2, for the same reason. Accordingly, defendant's motion to dismiss properly has been granted.

                                                        s/ David Stewart Cercone
                                                        David Stewart Cercone
                                                        United States District Judge

cc: David A. Strassburger, Esquire
Joshua M. Farber, Esquire
Robert L. Potter, Esquire
Joseph R. Lawrence, Esquire
Strassburger, McKenna, Gutnick & Potter
Four Gateway Center
444 Liberty Avenue
Suite 2200
Pittsburgh, PA 15222

Joseph E. Culleiton, Esquire
Perry A. Napolitano, Esquire
Eric A. Schaffer, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219